[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 5, 2008
THOMAS K. KAHN
CLERK

No. 08-12273
Non-Argument Calendar
_____

D. C. Docket No. 04-80131-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARL VEREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(November 5, 2008)

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Carl Vereen, a federal prisoner convicted of a crack cocaine offense, appeals

*pro se* the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. Vereen argues that Amendment 706 to § 2D1.1 of the U.S. Sentencing Guidelines entitles him to a sentence reduction. He further argues that because the sentencing guidelines are advisory under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the district court should have exercised its discretion and reduced his sentence. Finally, Vereen argues that recent Supreme Court case law establishes that district courts are not bound by either the guidelines or minimum statutory sentences. After carefully reviewing the record and the parties' briefs, we discern no reversible error.

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003) (citation omitted). A district court may reduce a sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. [§] 3582(c)(2) if . . . [the] amendment . . . does not have the effect of

2

lowering the defendant's applicable guideline range." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(2)(B) (2007). A sentence "may be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence." § 5G1.1(c)(2). Furthermore, the district court may not reduce, pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence "to a term that is less than the minimum of the amended guideline range . . . ." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b)(2)(A).

Amendment 706, which reduced by two levels the offense levels in crack cocaine cases, calculated pursuant to § 2D1.1(c), became effective on November 1, 2007. *See* U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 706. The Amendment was made retroactive as of March 3, 2007 by incorporation into § 1B1.10(c). *See* U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 713 (Supp. May 1, 2008). Although the retroactive effect of Amendment 706 allows a defendant whose guideline range was determined under § 2D1.1's offense level calculations to seek a reduction in his sentence, a defendant whose original sentence ultimately was based on something other than the offense level calculation under § 2D1.1 is precluded from receiving a sentence reduction. *See* § 1B1.10(a)(2)(B). Amendment 706 does not have the effect of lowering the applicable guideline range when the defendant received a mandatory minimum

3

sentence. *See* § 1B1.10 cmt. n.1 (noting that a defendant is eligible for a reduction pursuant to an amendment listed in subsection (c) only if the amendment "ha[s] the effect of lowering the defendant's applicable guideline range").

Although the guidelines are "effectively advisory," *Booker*, 543 U.S. at 245, 125 S. Ct. at 738, the district courts are still bound by statutory minimum sentences. *United States v. Ciskowski,* 492 F.3d 1264, 1270 (11th Cir. 2007) (citations omitted). While district courts may grant variances based on the crack-to-powder disparity, they are still "constrained by the mandatory minimums Congress prescribed . . . ." *Kimbrough v. United States,* 552 U.S. ___, 128 S. Ct. 558, 574, 169 L. Ed. 2d 481 (2007).

Vereen cannot receive a sentence reduction under 18 U.S.C. § 3582(c)(2) because his sentence was ultimately based on the ten-year statutory minimum sentence for a repeat drug felony offender. 21 U.S.C. § 841(b)(1)(B). That ten-year statutory minimum sentence was unaffected by Amendment 706. *See United States v. Eggersdorf*, 126 F.3d 1318, 1320 (11th Cir. 1997) ("Regardless of the guideline amendment, the language of the statutory minimum is clear and has been unaltered by Congress."). Reducing Vereen's sentence would have been neither consistent with the guidelines' policy statement nor authorized under 18 U.S.C. § 3582(c)(2). Accordingly, we affirm the district court's denial of Vereen's motion

4

for a reduced sentence.

**AFFIRMED.**