[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-13262
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 30, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 93-00249-CR-T-26-B

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY LEE LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(December 30, 2008)**

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Anthony Lee Lewis, a federal prisoner convicted of numerous crack cocaine

offenses, appeals the district court's denial of his 18 U.S.C. § 3582 motion for

reduction of sentence based on an amendment to U.S.S.G. § 2D1.1 that lowered the base offense levels applicable to crack cocaine offenses. Lewis argues that: (1) an individual serving a statutory mandatory minimum sentence should not be foreclosed from relief under the amendment in light of Supreme Court precedent, and (2) his constitutional right to Equal Protection was violated by the refusal to apply the amendment's Guidelines reduction to all crack cocaine offenders, including those sentenced pursuant to a statutory mandatory minimum. After careful review, we affirm.

We review "a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). Where the issue involves a legal interpretation, however, review is de novo. United States v. Pringle, 350 F.3d 1172, 1178 (11th Cir. 2003).

Although a district court generally cannot modify a term of imprisonment once it has been imposed, an exception lies in § 3582(c)(2), where:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is

2

consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" -- and is, therefore, not authorized under § 3582(c)(2) -- if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 706, which reduced the offense levels in crack cocaine cases calculated pursuant to § 2D1.1(c) by two levels. See U.S.S.G. App. C, Amend. 706 (2007). Although the retroactive effect of Amendment 706 allows a defendant whose guideline imprisonment range was determined in accordance with the offense level calculations under § 2D1.1 to seek a reduction in his sentence, a defendant whose original sentence ultimately was based on something other than the offense level calculation under § 2D1.1 is precluded from receiving a sentence reduction because the amendment does not have the effect of lowering the applicable guideline range. See U.S.S.G. § 1B1.10(a)(2)(B); United States v. Moore, 541 F.3d 1323, 1327 (11th Cir. 2008). This occurs where the defendant was sentenced to a statutory mandatory minimum sentence. See U.S.S.G. § 1B1.10, cmt. n.1(A) (noting that defendant is not eligible for reduction, even if

3

amendment is listed in subsection (c), if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."); see United States v. Williams, 2008 WL 5000148, *2 (11th Cir. Nov. 26, 2008).[1]

The record reveals that Lewis's total offense level was 40, his criminal history category was VI due to his career offender status, and his resulting calculated guideline range was 360 months' to life imprisonment. See U.S.S.G. § 4B1.1. However, a mandatory minimum term of life imprisonment applied as a result of Lewis's prior felony drug convictions, and the district court therefore sentenced Lewis to life imprisonment. See 21 U.S.C. §§ 841(b)(1)(A) and 851. Because the applicable guideline imprisonment range of 360 months' to life imprisonment was lower than the statutory mandatory minimum term of life imprisonment that applied based on Lewis's prior felony drug convictions, the statutory mandatory minimum became the guideline sentence. See U.S.S.G. § 5G1.1(b) ("[w]here a statutorily required minimum sentence is greater than the

---

[1] We have noted that "Congress has only authorized departures from statutory mandatory minimums in limited circumstances." United States v. Ciszkowski, 492 F.3d 1264, 1270 (11th Cir. 2007). The only two circumstances in which a court can depart downward from a statutory minimum sentence are when the government files a motion to recognize a defendant's substantial assistance pursuant to 18 U.S.C. § 3553(e), or a defendant falls within the provisions of the "safety valve" embodied in 18 U.S.C. § 3553(f)). See id. Neither circumstance arises here.

maximum of the applicable guideline range, the statutorily authorized minimum sentence shall be the guideline sentence."). As a result, Lewis's sentence ultimately was based on something other than the offense level calculation under § 2D1.1. See Moore, 541 F.3d at 1327. Lewis is therefore precluded from receiving a reduction in his sentence, and we affirm the district court's denial of his § 3582 motion on this issue. See U.S.S.G. § 1B1.10(a)(2)(B).[2]

Moreover, to the extent that Lewis raises an Equal Protection claim regarding the application of Amendment 706, jurisdiction to resentence a defendant is limited to certain motions by the Bureau of Prisons, a Rule 35 motion by the government, or a Guidelines amendment that lowers the sentencing range of the defendant. 18 U.S.C. § 3582(c). Because an alleged Equal Protection violation is none of those, § 3582 is not an appropriate vehicle for raising such a challenge. See United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000) (holding that the district court properly declined to consider an Eighth Amendment argument because section 3582(c) does not grant "jurisdiction to consider extraneous resentencing issues").

---

[2] Lewis cites Kimbrough v. United States, 128 S. Ct. 558 (2007), to argue that the crack cocaine sentencing disparity was unfair to all offenders convicted of crack cocaine offenses, including those sentenced under a mandatory sentencing scheme, but Kimbrough itself requires district courts to follow mandatory statutory minimum sentences. See id. at 574 (district courts remain "constrained by the mandatory minimums Congress prescribed in the 1986 Act").

Accordingly, we affirm the district court.

**AFFIRMED.**