[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 4, 2009
THOMAS K. KAHN
CLERK

No. 08-14859
Non-Argument Calendar
_____

D. C. Docket No. 06-00083-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

INERD BERNARD YOUNG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(March 4, 2009)**

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Inerd Bernard Young, a federal prisoner convicted of a crack cocaine offense, through counsel, appeals from the district court's denial of his counseled motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2). On appeal,

Young argues that the district court erred by concluding that it lacked authority to grant his § 3582(c)(2) motion. After thorough review, we affirm.

Generally, "[w]e review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). However, in the § 3582(c)(2) context, we review "de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). We also review "de novo questions of statutory interpretation." United States v. Maupin, 520 F.3d 1304, 1306 (11th Cir. 2008).

A district court may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule involves relief under § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

2

On November 1, 2007, the Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 706. The effect of Amendment 706 is to provide a two-level reduction in base offense levels for certain crack cocaine offenses. See id.

Section 1B1.10 of the Sentencing Guidelines provides that a sentence reduction is not authorized under § 3582(c)(2) if "[a]n amendment listed in subsection (c) [which includes Amendment 706] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The commentary elaborates that a reduction is not authorized if "an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, cmt. n.1(A). In addition, Section 5G1.1 of the Sentencing Guidelines provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b).

In United States v. Williams, we considered whether the district court had the authority to grant a defendant a sentence reduction pursuant to Amendment

3

706. See 549 F.3d 1337, 1338 (11th Cir. 2008). There, Williams's guideline range initially was 92 to 115 months' imprisonment, but because he faced a statutory minimum term of 120 months' imprisonment, the district court determined that his range was 120 months' imprisonment. Id. at 1338. Williams received a downward departure, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), based on his substantial assistance, and he was ultimately sentenced to 60 months' imprisonment. Id.

In holding that the district court did not have the authority to grant Williams a sentence reduction, we recognized that "a defendant whose original sentencing range was based on something other than § 2D1.1 is precluded from receiving a sentence reduction, since the amendment would not lower his applicable guidelines range." Id. at 1339 (citing Moore, 541 F.3d at 1327). We concluded that the result was the same even if a defendant received a downward departure, because the departure would be from the statutory minimum and "the court's point of departure would not shift as a result of the amendment's lowering of the crack offense levels." Id. at 1340. In reaching this conclusion, we rejected Williams's argument that his "guideline sentence" was distinct from his "guideline range," finding the "attempted range/sentence distinction linguistically interesting but ultimately unpersuasive" because, "[f]or those situations in which the mandatory minimum

4

exceeds the range for the entire offense level, the 'guideline sentence' would [] be the same as the 'guideline range,' even if it involves a 'range' of only one number." Id. at 1340-41. We also rejected the argument that a downward departure under § 3553(e) constituted a waiver or dispensing of the "guideline range," seeing "no indication in the statute that this decreased sentence should be read to somehow eliminate the otherwise applicable mandatory minimum." Id. at 1341. In short, we concluded that "[b]ecause Williams was subject to a statutory mandatory minimum that replaced his original sentencing guideline range, he was not sentenced according to the base offense level in § 2D1.1, even taking into account the § 5K1.1 downward departure. He thus would not fall within the scope of Amendment 706." Id. at 1342.

Here, the district court correctly denied Young's § 3582(c)(2) motion based on its determination that Amendment 706 did not lower the guideline range that ultimately determined his sentence. Just as in Williams, Young's initial guideline range was entirely below the statutory minimum, so that his range became the statutory minimum. See U.S.S.G. § 5G1.1(b). Also as in Williams, Young received a downward departure, so that the statutory minimum was the point from which the district court departed. Young's sentence was therefore based on the statutory minimum term of imprisonment, and the crack cocaine base offense level

5

played no role in his sentence. See Williams, 549 F.3d at 1339-40. Because Young was not sentenced under the otherwise applicable base offense level found in § 2D1.1, the district court did not err in determining that Young was not eligible for relief under Amendment 706. See id. at 1339-40, 1342.[1] Accordingly, we affirm.

**AFFIRMED.**

---

[1] Moreover, Young's assertion that defendants who provide substantial assistance should not be in a worse position than those who do not overlooks the fact that his substantial assistance enabled the district court originally to sentence him below the statutory minimum term of imprisonment, which it would not have been able to do otherwise. See 18 U.S.C. § 3553(e); United States v. Ciszkowski, 492 F.3d 1264, 1270 (11th Cir. 2007) ("Even after Booker, the district court is bound by the statutory mandatory minimums.").