[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12592

_____

D. C. Docket No. 05-00036-CR-T-23-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WOJTEK CISZKOWSKI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 20, 2007)**

Before CARNES, WILSON, Circuit Judges and WALTER,[*] District Judge.

WILSON, Circuit Judge:

_____

[*] Honorable Donald E. Walter, United States District Judge for the Western District of
Louisiana, sitting by designation.

Wojtek Ciszkowski was convicted by a jury on charges of murder for hire, possession of drugs with the intent to distribute them, and possession of a firearm in furtherance of a crime of violence. Because the firearm that was intended to be used to commit the murder was equipped with a silencer, Ciszkowski's sentence was drastically lengthened due to the application of a thirty-year mandatory minimum. Ciszkowski appeals, arguing that he was set up by the government and claiming that he did not know the firearm was equipped with a silencer when he took it from the government informant. He argues that his conviction on the firearm charge should be reversed because the district court failed to instruct the jury that it had to find beyond a reasonable doubt that he knew the firearm was equipped with a silencer. He also argues that his sentence was unreasonable because the district court failed to realize that it could reduce his sentence upon a finding that the government's conduct was outrageous, or that it engaged in sentencing factor manipulation. We affirm.

## BACKGROUND

Ciszkowski became the target of a sting operation after a Drug Enforcement Administration ("DEA") informant, Vitek Arabasz, told agents he was being threatened. Arabasz testified at trial that Ciszkowski had come to his job and told him that "he would pay" for his cooperation with law enforcement on an ecstacy

2

smuggling investigation. DEA agents enlisted Edward Chrostowski to act as a confidential informant to find out whether Ciszkowski had threatened Arabasz.

Chrostowski met with Ciszkowski and told Ciszkowski that he was looking to find someone to kill Arabasz before Chrostowski's next court date. Chrostowski and Ciszkowski then met again and discussed the contract killing of Arabasz. At the DEA's request, Chrostowski told Ciszkowski that he wanted to pay for the contract killing partially in ecstasy pills. Chrostowski also told Ciszkowski that he would provide him with a "nice toy." The next day Chrostowski met Ciszkowski with a bag containing cash, ecstasy, and a Ruger Mark I pistol. Ciszkowski opened the bag but did not examine the gun. Once Ciszkowski took possession of the bag and entered his vehicle, DEA agents arrested him.

At trial, a firearms enforcement officer with the Department of Treasury's Bureau of Alcohol, Tobacco, Firearms, and Explosives testified about the firearm's characteristics. The officer admitted that a layperson looking at the firearm's exterior would be unable to tell that a silencer was mounted within the gun's barrel. Because a mandatory minimum sentence of 30 years applies under 28 U.S.C. § 924(c)[1] if the firearm has a silencer, Ciszkowski requested that the jury be

---

[1] In pertinent part, 18 U.S.C. § 924(c)(1) provides that:
(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a

3

instructed that "Mr. Ciszowski (sic) can only be found guilty of that element of the offense if the Government proves beyond a reasonable doubt that Mr. Ciszkowski had actual knowledge that the firearm in question had the characteristics of a silenced or muffled firearm." The district court denied the request, and instead instructed the jury that "[t]he United States is not required to prove as an element of the alleged crime that the defendant knew that the firearm was equipped by a silencer." The Court did, however, ask the jury to render a special verdict, determining "whether the United States has proven beyond a reasonable doubt that the firearm. . . was equipped with a firearm muffler or firearm silencer without respect to whether the defendant actually knew that the firearm was muffled or silenced."

---

firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
    (I) be sentenced to a term of imprisonment of not less than 5 years;
    (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
    (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

(B) If the firearm possessed by a person convicted of a violation of this subsection--
    . . .
    (ii) is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, the person shall be sentenced to a term of imprisonment of not less than 30 years.

4

The jury convicted Ciskowski on three of the six indictment counts.[2] He was convicted for use of a facility of interstate or foreign commerce in the commission of murder for hire, in violation of 18 U.S.C. § 1958; possession with the intent to distribute Methylenedioxymethamphetamine ("MDMA" or "ecstasy"), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and possession of a firearm with a silencer in furtherance of a crime of violence and drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(1)(B)(ii). As to the § 924(c) count, the jury made the findings that (1) the firearm was equipped with a silencer, and (2) Ciszkowski knowingly and unlawfully possessed and carried the firearm in furtherance of the murder for hire and possession of the drugs with intent to distribute. The judge, after hearing objections and arguments, sentenced Ciszkowski to 12 months on the §1958 violation and 12 months on the § 841 violation, to run concurrently.[3] The judge then imposed the mandatory minimum of 30 years on the § 924(c) firearm violation to run consecutive to the other sentences, for a total of 372 months in prison.

---

[2] He was acquitted of attempting to kill in order to prevent the testimony of witness in a federal case, in violation of 18 U.S.C. § 1512(a)(1)(A); and two counts of possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D).

[3] Although the United States Sentencing Guideline range for these two counts was 188 to 235 months, the judge departed downward and determined that a reasonable sentence would be 12 months, ostensibly taking into consideration 30 year mandatory minimum to be imposed on the § 924(c) count.

## DISCUSSION

### I.

Ciszkowski first argues that the district court erred when it rejected his requested jury instruction that required the jury to find that he had knowledge of the silencer before finding him guilty of the firearm offense. "We review [the] refusal to give a requested jury instruction for an abuse of discretion." *United States v. Carrasco*, 381 F.3d 1237, 1242 (11th Cir. 2004) (per curiam). The refusal is only reversible error if "(1) the requested instruction was a correct statement of the law, (2) its subject matter was not substantially covered by other instructions, and (3) its subject matter dealt with an issue in the trial court that was so important that failure to give it seriously impaired the defendant's ability to defend himself." *United States v. Paradies*, 98 F.3d 1266, 1286 (11th Cir. 1996). Here, we find no error in the refusal to give the jury instruction because the firearm characteristics in § 924(c) are sentencing factors intended to be determined by the judge, and there is nothing in the text of § 924(c) requiring proof that the defendant had knowledge of such characteristics.

We previously held that the penalty provision in § 924(c)(1)(A)(iii) is a sentencing factor rather than an element of the offense. *United States v. Pounds*, 230 F.3d 1317, 1319 (11th Cir. 2000) (per curiam). We reasoned that § 924(c)(1)(A), standing alone, describes the criminal violation while the subsections

merely describe enhanced punishment for certain types of § 924(c)(1)(A) violators.

*Id.* The § 924(c)(1)(B) subsections function similarly by describing certain types of firearms which result in additional punishments for § 924(c)(1)(A) violators. Thus (c)(1)(A) describes a violation while the (c)(1)(B) subsections describe sentencing implications of that violation.

We are unpersuaded that the *Apprendi*, *Blakely*, and *Booker*[4] line of cases compel a jury determination of the sentencing factors in § 924(c)(1)(B). *Apprendi* requires that a jury determine any fact that subjects a defendant to an increased penalty beyond the prescribed statutory maximum. The Supreme Court however has declined to extend the jury-determination requirement to facts triggering a statutory minimum. *United States v. Harris*, 536 U.S. 545, 568, 122 S. Ct. 2406, 2420, 153 L. Ed. 2d 524 (2002). Section 924(c)(1)(B) only triggers minimum sentences, and therefore does not raise *Apprendi* concerns. Accordingly, the district court could determine § 924(c)(1)(B)'s application to Ciszkowski's conduct without violating the Constitution.[5]

---

[4] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005); *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004); *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

[5] The majority of our sister circuits have also reached the conclusion that § 924(c) permits a judicial determination of firearm characteristics. *United States v. Gamboa*, 439 F.3d 796, 810-12 (8th Cir. 2006) (concluding that the prosecution was not required to show defendant knew firearm was machine gun); *United States v. Cavely*, 318 F.3d 987, 1000 (10th Cir. 2003) ("[A] determination of whether a firearm is a prohibited assault weapon under this section is a sentencing factor and not an essential element of the offense that must be proven at trial.");

7

Furthermore, Ciszkowski's requested instruction adds a *mens rea* element to § 924(c) that the statute does not contemplate. Examining a previous version of § 924(c), we explained that because § 924(c) is an enhancement statute, it does not require proof of "particularized knowledge" of the weapon characteristics. *United States v. Brantley*, 68 F.3d 1283, 1289 (11th Cir. 1995). We reasoned that a person violating § 924(c) had already demonstrated a "vicious will" in committing the principal offense. *Id.* at 1290. Thus, there was no risk of punishing an innocent actor by applying the enhancements. *Id.* at 1290. Although *Brantley* addressed a prior version of § 924, there is no reason to require proof of knowledge under the new statute because the same reasoning applies.

Accordingly, we can find no error in the district court's refusal to give the jury instruction requested by Ciszkowski, because it contained an incorrect statement of law. In addition, Ciszkowski requested a jury determination on the application of a sentencing factor, which is a decision for the sentencing judge. Therefore, the district court was well within its discretion to deny the instruction.

---

*United States v. Harrison*, 272 F.3d 220, 226 (4th Cir. 2001) ("It makes sense only as a sentencing factor that cabins a judge's discretion when imposing a sentence for the base offense in § 924(c)(1), for which the maximum penalty is life imprisonment."); *United States v. Barton*, 257 F.3d 433, 443 (5th Cir. 2001 ) ("[W]e join the vast majority of circuits that have reviewed this or a similar issue to conclude that subsections (I), (ii), and (iii) set forth sentencing factors, not separate elements of different offenses."); *United States v. Sandoval*, 241 F.3d 549, 552 (7th Cir. 2001) (same). *But see United States v. Harris*, 397 F.3d 404, 413-14 (6th Cir. 2005) (holding that firearm characteristics must be proven to the jury beyond a reasonable doubt).

Ciszkowski next argues that his 372-month sentence is unreasonable because the district judge did not recognize that he could depart from the mandatory minimum if he found that the government engaged in outrageous conduct, sentencing entrapment, and/or sentencing manipulation. He argues that the government improperly manipulated his sentence when it converted his crime to a more serious offense by supplying him with a silenced firearm without his knowledge. He argues that the court felt bound by the thirty-year statutory minimum, which the court could have disregarded on sentencing manipulation grounds. His argument's success depends on whether: (1) we recognize these defenses in our Circuit, (2) the defenses prevent the application of the mandatory minimum, and (3) the facts support the defenses in this case.

After *Booker*, we review sentences under the advisory guidelines for reasonableness. *See United States v. Winingear*, 422 F.3d 1241, 1244-45 (11th Cir. 2005) (per curiam). Sentencing is a two step process, requiring (1) the correct calculation of the guideline range and (2) the consideration of the 18 U.S.C. § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam). Even after *Booker*, the district court is bound by the statutory mandatory minimums. *United States v. Brehm*, 442 F.3d 1291, 1300 (11th Cir. 2006) (per curiam); *United States v. Shelton*, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005).

While our Circuit does not recognize sentencing entrapment as a viable defense, we do recognize the outrageous government conduct defense, and we have considered sentencing manipulation as a viable defense. *United States v. Sanchez*, 138 F.3d 1410, 1413-14 (11th Cir. 1998). When a defendant makes a sentencing entrapment claim, he argues that, although predisposed to commit a minor or lesser offense, he has been entrapped into committing a greater offense subject to greater punishment. *Id*. at 1414. Sentencing entrapment focuses on the defendant's conduct; in contrast, the defenses of outrageous government conduct and sentencing factor manipulation focus on the government's behavior. *Id.* at 1413-14. Outrageous government conduct occurs when law enforcement obtains a conviction for conduct beyond the defendant's predisposition by employing methods that fail to comport with due process guarantees. *Id.* at 1413. Under this standard, the conduct must be so outrageous that it is fundamentally unfair. *United States v. Ofshe*, 817 F.2d 1508, 1516 (11th Cir. 1987). Similarly, sentencing factor manipulation occurs when the government's manipulation of a sting operation, even if insufficient to support a due process claim, requires that the manipulation be filtered out of the sentencing calculus. *Sanchez,* 138 F.3d at 1414. Outrageous government conduct would necessitate the reversal of a defendant's conviction, while sentencing factor manipulation would simply reduce the sentence applied to his conduct. Ciszkowski's argument is best characterized as a sentencing factor

manipulation claim.

Even though sentencing factor manipulation by the government may occur during the course of an investigation, a district court still cannot disregard a mandatory minimum, because Congress has only authorized departures from statutory mandatory minimums in limited circumstances. "There are only two circumstances in which a court can depart downward from a statutory authorized mandatory minimum sentence. Either the government must file a motion to recognize the defendants 'substantial assistance' . . . or the defendant must fall within the provisions of the 'safety valve' embodied in 18 U.S.C. § 3553(f)." *United States v. Simpson*, 228 F.3d 1294, 1304 (11th Cir. 2000). Conceptually, however, an adjustment for sentencing factor manipulation is not a departure. When a court filters the manipulation out of the sentencing calculus before applying a sentencing provision, no mandatory minimum would arise in the first place. *See United States v. Riewe*, 165 F.3d 727, 729 (9th Cir. 1999) (per curiam)*; United States v. Castaneda*, 94 F.3d 592, 594-95 (9th Cir. 1996). Therefore, if the court found that inserting the silencer in the gun was so objectionable that it amounted to sentencing factor manipulation, that mandatory minimum would not apply because the silencer would be taken out of the sentencing calculation.[6]

---

[6] Ciszkowski still would face a mandatory minimum of five years based on his violation of § 924(c)(1)(A).

11

Ciskowski, however, has not met his burden of establishing that the government's conduct is sufficiently reprehensible to constitute sentencing factor manipulation. Government-created reverse sting operations are recognized and useful methods of law enforcement investigation. *Sanchez*, 138 F.3d at 1413. The fact that law enforcement may provide drugs or guns essential to a willing and predisposed offender does not necessarily constitute misconduct. *Id.* The standard for sentencing factor manipulation is high, even in the circuits where it has been recognized as a viable defense to the application of a mandatory minimum. *See United States v. Montoya*, 62 F. 3d 1, 4 (1st Cir. 1995). We have previously declined to find that the government engaged in prohibited sentencing factor manipulation in other similar contexts. *See United States v. Bohannan*, 476 F.3d 1246, 1252 (11th Cir. 2007) (government's selection of age of "minor" victim for sting operation was not manipulation even though the selected age resulted in enhancement under guideline); *United States v. Williams*, 456 F.3d 1353, 1370-71 (11th Cir. 2006) (government's purchase of crack cocaine rather than powder cocaine was not manipulation despite sentencing differential); *Sanchez*, 138 F.3d at 1412-13 (government informant's selection of a fictitious amount of drugs to be stolen by defendants was not manipulation of the quantity). Therefore, to bring sting operations within the ambit of sentencing factor manipulation, the government must engage in extraordinary misconduct.

In Ciszkowski's case, we would find it troubling if the government provided Ciszkowski a firearm with a silencer that he could not see solely to inflate his sentence upon a conviction. Ciskowski says he lacked awareness, or even the ability to discover the level of criminality he was engaged in when he accepted the gun supplied by the government. Yet, Ciszkowski agreed to commit a murder for hire, and to accept a gun to do the job. It is conceivable that the government could reasonably decide that a muzzled firearm is the appropriate weapon for the commission of a murder for hire and then provide Ciszkowski with such a weapon. Had the circumstances been different, for instance if the government provided a undetectably silenced weapon in a circumstance where the firearm or the silencer was completely unrelated to the accompanying criminal act, we might be inclined to find improper sentencing manipulation in such a case. Ciszkowski, however, has not shown that the government's conduct in this case was so reprehensible that it constituted sentencing factor manipulation.

Having rejected Ciszkowski's sentencing manipulation claim, we find that the sentence imposed by the district court was reasonable. The district court correctly calculated the guideline range, applied the guideline range as advisory, and considered the § 3553(a) factors in fashioning a sentence. The district court then correctly sentenced Ciszkowski to the mandatory minimum.

III.

13

In sum, we find that the district court appropriately denied Ciszkowski's requested jury instruction because it included an incorrect statement of law. Section 924(c) does not require that a defendant have specific knowledge of the firearm's characteristics in order to be found guilty of its commission. Furthermore, the application of the sentencing enhancements set forth in § 924(c)(1)(B) are determinations for the sentencing judge and not the jury. After Ciszkowski's conviction, the district court fashioned a reasonable sentence, properly taking into consideration the § 3553(a) factors. Accordingly, we affirm.

**AFFIRMED.**