[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12087
Non-Argument Calendar

_____

D. C. Docket No. 03-20129-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NEVIA KEVIN ABRAHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 29, 2008)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Nevia Kevin Abraham appeals his sentence for conspiracy to kidnap a U.S.

Postal Service employee, kidnapping of a U.S. Postal Service employee, use of a firearm during a crime of violence, forcible assault on a U.S. Postal Service employee, and possession of a firearm by a convicted felon. 18 U.S.C. §§ 111, 924(c)(1), 924(e)(1), 1201(a)(5), 1201(c). On appeal, Abraham argues that he should not have received a ten-year statutory minimum penalty under 18 U.S.C. § 924(c) for the discharge of a firearm during the commission of a crime of violence because he was not charged with the discharge, nor did a jury find that he discharged a firearm. Abraham claims that the dispositive case on the issue, Harris v. United States, 536 U.S. 545 (2002), was decided before the Supreme Court's holdings in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), so its holding is in doubt. Abraham concedes that we have stated that we will continue to follow Harris, but argues that its viability is limited, and we should determine that the discharge of a firearm had to be proved to a jury beyond a reasonable doubt.

We review constitutional challenges to a sentence de novo. United States v. Chau, 426 F.3d 1318, 1321 (11th Cir. 2005). Pursuant to 18 U.S.C. § 924(c)(1)(A)(iii), any person who, during a crime of violence discharges a firearm shall be sentenced to a mandatory minimum sentence of imprisonment of 10 years. Kidnapping is a "crime of violence." U.S.S.G. § 4B1.2 cmt. n.1.

2

In Harris, the Supreme Court determined that judicial fact finding that increases a statutory mandatory minimum sentence under § 924(c) is appropriate where a jury verdict has authorized the imposition of a statutory minimum sentence. 536 U.S. at 567–568. In Booker, the Supreme Court explicitly reaffirmed its holding in Apprendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244. Nothing in Booker, however, eliminated or declared unconstitutional mandatory minimum sentences as provided for by Congress in addressing firearm crimes, and the Supreme Court has not overruled Harris since deciding Booker.

We have stated that we are unpersuaded that the Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely, and Booker line of cases compel a jury determination of the sentencing factors in § 924(c)(1)(B), which are specific to the kind of firearm used in the offense. United States v. Ciszkowski, 492 F.3d 1264, 1268 (11th Cir. 2007). "The Supreme Court . . . has declined to extend the jury-determination requirement to facts triggering a statutory minimum. Section 924(c)(1)(B) only triggers minimum sentences, and therefore does not raise Apprendi concerns." Id. at 1269 (citing Harris).

3

Further, we have stated that "[i]t is not given to us to overrule the decisions of the Supreme Court. We have stated repeatedly . . . that 'we are not at liberty to disregard binding case law that is so closely on point and has been only weakened, rather than directly overruled, by the Supreme Court.' This is so even if we are convinced that the Supreme Court will overturn its previous decision the next time it addresses the issue." United States v. Gibson 434 F.3d 1234, 1246 (11th Cir. 2006).

The district court did not err in sentencing Abraham to a consecutive ten-year mandatory minimum sentence. Trial evidence showed that Abraham discharged a firearm during a kidnapping. Therefore, the district court correctly applied the mandatory minimum sentence pursuant to § 924(c)(1)(A)(ii). The Supreme Court has stated in Harris that a district court may engage in fact finding to increase a statutory mandatory minimum penalty relating to § 924(c). Although Abraham argues that Harris is no longer valid or is damaged, the Supreme Court has not overruled that case, so we are bound to follow it. Accordingly, we affirm.

**AFFIRMED.**

4