[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 3, 2008
THOMAS K. KAHN
CLERK

----------------------------------------

No. 06-13670
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 05-00231-CR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO DEMOND SMITH,

Defendant-Appellant.

----------------------------------------
Appeal from the United States District Court
for the Southern District of Alabama
----------------------------------------

**(April 3, 2008)**

Before EDMONDSON, Chief Judge, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Defendant-Appellant Antonio Demond Smith appeals his convictions and

84-month mandatory minimum sentence, out of his total 646-months'

imprisonment, after a jury trial for (1) two counts of conspiracy to commit carjacking, 18 U.S.C. § 371; (2) two counts of carjacking, 18 U.S.C. § 2119; and (3) two counts of using a firearm during a crime of violence, 18 U.S.C. § 924(c).[1] No reversible error has been shown; we affirm.

The charges against Smith stem from the carjackings of Roosevelt Nicholson and Cedric Mendenhall that both occurred in May 2004. Smith and his three codefendants were looking for Mendenhall because Mendenhall still owed Smith $200 for some tire rims he previously had bought from Smith. The men first went to Mendenhall's mother's house where the Nicholson carjacking was executed. The men then went to a house nearby where Mendenhall's car was parked and executed the second carjacking.

We first address Smith's argument that the district court erred in denying his Batson v. Kentucky, 106 S.Ct. 1712 (1986), challenge to the government's use of a peremptory strike against an African-American venire member. After Smith made a Batson challenge, the district court asked the government to articulate its reason for the strike. The government responded that it was not comfortable with

---

[1] Smith received 60 months' imprisonment for the conspiracy counts concurrent to 262 months' imprisonment for the carjacking counts. In addition, Smith received mandatory minimum consecutive 84-month and 300-month sentences for the section 924(c) counts, for a total of 646 months' imprisonment. See 18 U.S.C. § 924(c)(1)(A)(ii), (C)(i).

this person sitting on the jury because she watched science fiction programs on television and it believed such a person might have had "a little bit different ideas." Smith's lawyer stated that this reason was "rather a stretch" but conceded that he took venire members' television viewing habits into account when selecting jurors. The district court determined that the government's proffered reason was race-neutral.

Smith now posits that the government's explanation was "vague" and legally insufficient to rebut a prima facie case of purposeful racial discrimination.[2] "We review for clear error a trial judge's finding that a prosecutor has exercised peremptory strikes free of discriminatory intent." United States v. Edouard, 485 F.3d 1324, 1341 (11th Cir. 2007) (citation omitted).

Under the three-step Batson analysis, (1) the objector must make a prima facie showing that the peremptory challenge is exercised on the basis of race; (2) the challenging party then must articulate a race-neutral reason for striking the juror in question; and (3) the court then must determine whether the objector has met its burden of proving purposeful discrimination. United States v. Allen-

_____

[2]Smith actually challenged the government's peremptory strikes against two African-American jurors. But, on appeal, he challenges only the government's reason for dismissing one of the jurors. Thus, he has abandoned a challenge to the government's striking the other juror. See United States v. Levy, 416 F.3d 1273, 1275 (11th Cir. 2005).

Brown, 243 F.3d 1293, 1297 (11th Cir. 2001).  About the second step, almost any

plausible reason can satisfy the striking party's burden, including reasons deemed

superstitious, silly, or trivial, as long as the reason is race or gender neutral.

United States v. Walker, 490 F.3d 1282, 1293 (11th Cir. 2007), petition for cert.

filed (U.S. Dec. 3, 2007) (07-749) (citation omitted).[3]  The court must evaluate the

credibility of the stated reason on the evidence before it; this credibility

determination is a pure issue of fact, subject to deferential review.  Edouard, 485

F.3d at 1342.

The district court did not clearly err in determining that the government

acted without discriminatory intent in striking the juror in question.  The

government stated that it thought the juror's television viewing habits might cause

her to come to the jury with "different ideas;" nothing indicated that other panel

members watched science fiction programs, but were not struck.  In addition,

defense counsel agreed that it considered the television viewing habits of venire

members when selecting jurors.  See id. (the government's reason must be

---

[3]Here, the district court elicited reasons for the exercise of the prosecution's peremptory strike and determined that the reason given was race-neutral. So, the issue of whether Smith made a prima facie case is moot. See United States v. Houston, 456 F.3d 1328, 1336 (11th Cir. 2006), cert. denied, 127 S.Ct. 2148 (2007).

evaluated on the record before the district court); Walker, 490 F.3d at 1293 (even "superstitious, silly or trivial" reasons can satisfy the prosecution's burden).

Smith next argues that the district court erred in denying his motion for judgment of acquittal on the Mendenhall carjacking count because the government did not present sufficient evidence that he had the requisite intent to cause death or serious bodily injury. We review de novo a challenge that the district court erred in denying a motion for judgment of acquittal on grounds of insufficient evidence. United States v. Yates, 438 F.3d 1307, 1311-12 (11th Cir. 2006) (en banc). We view "the evidence in the light most favorable to the government and draw[] all reasonable inferences and credibility choices in favor of the jury's verdict." United States v. Fulford, 267 F.3d 1241, 1244 (11th Cir. 2001).

To constitute carjacking under section 2119, the taking of a vehicle must be committed "with the intent to cause death or serious bodily harm." The intent requirement -- which is to be judged objectively from the defendant's visible conduct and what one in the position of the victim might reasonably conclude -- is satisfied where the government proves that at the moment the defendant demanded or took control of the driver's car, the defendant possessed the intent to harm seriously or to kill the driver if necessary to steal the car. Fulford, 267 F.3d at 1244 (quotation and citation omitted).

Here, the evidence shows that when Smith and co-defendant Terrence Harrison arrived at the house where Mendenhall's car was parked, Harrison got into Mendenhall's car and cranked it. Mendenhall ran out of the house, saw Harrison crawling into the driver's side of his car, and dove into his car through a window. Smith then got out of his truck, put a gun to Mendenhall's head, and asked him where the keys were. Mendenhall said the keys were in the house; and when he got out of his car, Smith and Harrison began to pistol-whip him. As Mendenhall ran back to the house, Smith and Harrison started to shoot at him; and he was shot in the foot. Mendenhall saw the four men drive off in his car, the Nicholson car, and Smith's truck.

From this evidence, a reasonable jury could find that Smith possessed the requisite intent to be guilty of carjacking. When Mendenhall saw his car being stolen and attempted to stop it, Smith put a gun to Mendenhall's head, pistol-whipped him, and shot at him as he ran into the house. Smith's acts ensued at the moment Mendenhall noticed Harrison trying to take his car. See id. Smith's argument that his intent to harm Mendenhall was about the money Mendenhall owed him and not taking his car is belied by the record.

We now address Smith's sentencing argument that his seven-year mandatory minimum sentence for the Nicholson carjacking under 18 U.S.C.

§ 924(c)[4] violated the Sixth Amendment because the jury did not determine that he brandished a firearm during the offense and that, thus, he was subjected to a higher sentence than that authorized by the jury's verdict.  Because Smith raises his constitutional sentencing argument for the first time on appeal, we review it only for plain error.  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).[5]

The sentencing court committed no error in applying the seven-year mandatory minimum sentence.  The subsections of section 924(c)(1)(A) set forth sentencing factors, not elements of the offense; and therefore, the elements do not have to be alleged in the indictment or found by a jury beyond a reasonable doubt.  Harris v. United States, 122 S.Ct. 2406, 2420 (2002) (stating that basing a two-year increase in a defendant's minimum sentence on a judicial finding of brandishing under section 924(c)(1)(A)(ii) does not evade the requirements of the Fifth and Sixth Amendments); United States v. Ciszkowski, 492 F.3d 1264, 1268-69 (11th Cir. 2007) (explaining that section 924(c)(1)(A) describes a criminal

---

[4]Section 924(c)(1)(A)(ii) mandates a seven-year minimum sentence if a firearm is brandished during the offense.

[5]Under a plain-error analysis, we may not correct the error unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights," and "(4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

7

violation while its subsections merely describe enhanced punishment for certain kinds of violators).

Accordingly, we affirm Smith's convictions and sentences.

AFFIRMED.