[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11440
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 23, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00010-CR-T-26-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARL TYRONE WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 23, 2009)

Before BIRCH, CARNES and HULL, Circuit Judges.

PER CURIAM:

Earl Tyrone Williams challenges the district court's sua sponte order

granting in part and denying in part his § 3582(c)(2) re-sentencing motion.  He

contends that he received ineffective assistance of counsel because he was not given adequate notice or opportunity to be heard regarding his re-sentencing.[1]

We review de novo Williams' ineffective assistance of counsel claim. Horton v. Zant, 941 F.2d 1449, 1462 (11th Cir. 1991). Even assuming that Williams has a claim for ineffective assistance of counsel based on a § 3582(c)(2) proceeding, his claim fails because he has suffered no prejudice. In re-sentencing Williams, the district court applied Amendment 706 to reduce the sentence for his crack cocaine conviction to the statutory minimum sentence of 120 months. The district court could not reduce Williams sentence any further because district courts are bound by statutory minimum sentences in re-sentencing. See United States v. Ciskowski, 492 F.3d 1264, 1270 (11th Cir. 2007); see also Kimbrough v. United States, 552 U.S. ___, 128 S. Ct. 558, 574 (2007) (holding that while district courts may grant variances based on the crack-to-powder disparity, they are still constrained by statutory mandatory minimums). The sentence of 120 months was as low as the district court could go.

**AFFIRMED**.

---

[1] Williams also contends that the district court erred in denying his request to file his appeal in forma pauperis. That claim is moot because Williams had previously been granted IFP status and that status was never revoked. He was appointed counsel for his appeal, and he was not required to pay a filing fee.