[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 29, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15437
Non-Argument Calendar

_____

D. C. Docket No. 08-00049-CR-JOF-2-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JON PATTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 29, 2009)

Before DUBINA, Chief Judge, TJOFLAT  and ANDERSON, Circuit Judges.

PER CURIAM:

Jon Patton appeals his sentence of 120 months' imprisonment, imposed after

he pled guilty to conspiracy to possess with intent to distribute at least 5 kilograms of cocaine and at least 1 kilogram of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 .  Patton, a security screener who worked for the Transportation Security Administration ("TSA") at the Atlanta airport, worked with Andre Mays, another TSA officer, and Leslie Adgar, a customer service agent for Delta Airlines, to transport what he believed was cocaine and heroin from the Atlanta airport to New York's LaGuardia airport.

On appeal, he argues that the evidence did not support his aggravating role enhancement, imposed pursuant to U.S.S.G. § 3B1.1(c), because: (1) Mays was not a participant in the offense; (2) he did not exert control or influence over Mays; and (3) he did not exert control or influence over Adgar.  He also argues that the second and third transactions should have been filtered out of the sentencing calculus because the government engaged in sentencing factor manipulation when it opted to use fake heroin, rather than fake cocaine, for the second transaction, and when it decided to engage him in a third transaction.

"We apply a two-pronged standard to review claims that the district court erroneously applied sentencing guidelines adjustments.  First, we review the factual findings underlying the district court's sentencing determination for clear error. We then review the court's application of those facts to the guidelines de

novo. Although the sentencing guidelines are now advisory after the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), district courts are still required to correctly calculate the appropriate advisory guidelines range." United States v. Williams, 527 F.3d 1235, 1247-48 (11th Cir. 2008) (citations omitted). "The district court's application of § 3B1.1 to determine that a person is a 'participant' is a question law that we review de novo, while we review the underlying factual findings for clear error." Id. at 1249.

If the defendant was an organizer, leader, manager, or supervisor of the criminal activity, his offense level may be increased by two. U.S.S.G. § 3B1.1(c). "To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." Id., comment. (n.2). The Guidelines define a "participant" to be "a person who is criminally responsible for the commission of the offense, but need not have been convicted." Id., comment. (n.1).

To determine that an individual is a participant within the meaning of § 3B1.1, the court must determine, by a preponderance of the evidence, that the individual was criminally responsible. Williams, 527 F.3d at 1248-49. Because the burden of proof at sentencing is different than the burden of proof at trial, a

defendant may be subject to the role enhancement for managing or directing an individual who was acquitted of the underlying offense. Id. However, where the individual's involvement in the offense is de minimus, and the evidence is insufficient to show by a preponderance of the evidence that he was criminally responsible for the offense, the enhancement is improper. Id. at 1249. In Williams, we held that the defendant's husband was not a participant because, although the evidence may have shown that he acted unethically, it "f[e]ll short of demonstrating by a preponderance of the evidence that [he] was criminally responsible for his wife's wire fraud and federal funds theft." Id.

The Guidelines provide that, in distinguishing a leadership role, the district court should consider:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, comment. (n.4). "[T]he assertion of control or influence over only one individual is enough to support a §3B1.1(c) enhancement." United States v. Phillips, 287 F.3d 1053, 1058 (11th Cir. 2002) (internal quotation and citation omitted).

We have affirmed a defendant's aggravated role enhancement where there

4

was evidence that he recruited others. See United States v. Thomas, 446 F.3d 1348, 1355 n.2 (11th Cir. 2006) (affirming the enhancement because it "was supported by [the undercover officer's] testimony that [the defendant] recruited the others and co-defendant Castillo's testimony that [the defendant] recruited him."). Similarly, we have affirmed the enhancement where the defendant "recruited [an individual] into the plot, prompted him to purchase weapons, and briefed him on the bombing plan." United States v. Mandhai, 375 F.3d 1243, 1248 (11th Cir. 2004).

Here, the evidence supports the district court's application of the role enhancement. Patton recruited Adgar, a fact stated in the PSI that he did not dispute. Under Thomas, the recruitment of a co-conspirator is sufficient to warrant the § 3B1.1(a) enhancement. In addition, Patton was instrumental in planning the offense; and he also recruited Mays (a participant) and exercised management over Mays.

"[W]e have considered sentencing manipulation as a viable defense." United States v. Ciszkowski, 492 F.3d 1264, 1270 (11th Cir. 2007). "[S]entencing factor manipulation occurs when the government's manipulation of a sting operation, even if insufficient to support a due process claim, requires that the manipulation be filtered out of the sentencing calculus." Id. "The standard for

5

sentencing factor manipulation is high, even in the circuits where it has been recognized as a viable defense to the application of a mandatory minimum," and an adjustment is appropriate only where the government engages in "extraordinary misconduct." Id. at 1270-71.

The government did not engage in "extraordinary misconduct" when it opted to provide fake heroin, rather than fake cocaine, to Patton, because Patton had agreed to smuggle drugs through the airport and did not limit the kind of drugs. In addition, the government did not engage in "extraordinary misconduct" when it proceeded with the third transaction, given Patton's references to his ability to involve other TSA agents in the operation. Accordingly, we affirm the district court's finding that the government did not engage in sentencing factor manipulation in this case.

Upon review of the record and consideration of the parties' briefs, we affirm Patton's sentence.

**AFFIRMED.**[1]

---

[1] Patton's request for oral argument is denied.