[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 29, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15438
Non-Argument Calendar

_____

D. C. Docket No. 08-00049-CR-JOF-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LESLIE ADGAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 29, 2009)

Before DUBINA, Chief Judge, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Leslie Adgar appeals her sentence of 120 months' imprisonment, imposed

after she pled guilty to conspiracy to possess with intent to distribute at least 5 kilograms of cocaine and at least 1 kilogram of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 . Adgar, a customer service agent for Delta Airlines, worked with Jon Patton, a security screener for the Transportation Security Administration ("TSA") at the Atlanta airport, Andre Mays, another TSA officer, and Andrew Hughes, an unindicted Delta co-worker, to transport what she believed was cocaine and heroin from the Atlanta airport to New York's LaGuardia airport.

On appeal, she argues that the evidence did not support her aggravating role enhancement, imposed pursuant to U.S.S.G. § 3B1.1(c), because Hughes was not a participant within the meaning of that section. She also argues that the government engaged in sentencing factor manipulation when it used fake heroin, rather than fake cocaine, for the second of three transactions, and that the district court erroneously believed it could not grant her a downward departure on that ground. Finally, she contends that her sentence, the statutory mandatory minimum, was unreasonable.

### I. Aggravated Role Enhancement

"We apply a two-pronged standard to review claims that the district court erroneously applied sentencing guidelines adjustments. First, we review the factual findings underlying the district court's sentencing determination for clear

error. We then review the court's application of those facts to the guidelines <u>de novo</u>. Although the sentencing guidelines are now advisory after the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), district courts are still required to correctly calculate the appropriate advisory guidelines range." <u>United States v. Williams</u>, 527 F.3d 1235, 1247-48 (11th Cir. 2008) (citations omitted). "The district court's application of § 3B1.1 to determine that a person is a 'participant' is a question law that we review <u>de novo</u>, while we review the underlying factual findings for clear error." <u>Id.</u> at 1249.

If the defendant was an organizer, leader, manager, or supervisor of the criminal activity, his offense level may be increased by two. U.S.S.G. § 3B1.1(c). "To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." <u>Id.</u>, comment. (n.2). The Guidelines define a "participant" to be "a person who is criminally responsible for the commission of the offense, but need not have been convicted." <u>Id.</u>, comment. (n.1).

To determine that an individual is a participant within the meaning of § 3B1.1, the court must determine, by a preponderance of the evidence, that the individual was criminally responsible. <u>Williams</u>, 527 F.3d at 1248-49. Because

the burden of proof at sentencing is different than the burden of proof at trial, a defendant may be subject to the role enhancement for managing or directing an individual who was acquitted of the underlying offense. Id. However, where the individual's involvement in the offense is de minimus, and the evidence is insufficient to show by a preponderance of the evidence that he was criminally responsible for the offense, the enhancement is improper. Id. at 1249.

To be held criminally responsible as a co-conspirator, a person must have formed an agreement with one or more persons, the object of which was to carry out an unlawful act or a lawful act by unlawful means. United States v. Arias-Izquierdo, 449 F.3d 1168, 1182 (11th Cir. 2006). The alleged conspirator must have known of the purpose of the agreement and must have knowingly and voluntarily entered into the agreement. See United States v. Simpson, 228 F.3d 1294, 1298 (11th Cir. 2000). Deliberate ignorance is the equivalent of knowledge. United State v. Peddle, 821 F.2d 1521, 1524 (11th Cir. 1987).

We conclude that Hughes was a participant within the meaning of § 3B1.1, because, inter alia, he was paid to accompany Adgar on two trips in which they transported the same carry-on bag – which Adgar did not possess on their return trip and Adgar referred to Hughes as her "partner in crime." In addition, there was evidence that Hughes's role was to "carry the bag in case something happened,"

implying that Hughes knew that he was to dispose of the bag if something happened. Accordingly, we affirm Adgar's aggravating role enhancement.

## II. Sentencing Factor Manipulation

"[W]e have considered sentencing manipulation as a viable defense." United States v. Ciszkowski, 492 F.3d 1264, 1270 (11th Cir. 2007). "[S]entencing factor manipulation occurs when the government's manipulation of a sting operation, even if insufficient to support a due process claim, requires that the manipulation be filtered out of the sentencing calculus." Id. "The standard for sentencing factor manipulation is high, even in the circuits where it has been recognized as a viable defense to the application of a mandatory minimum," and an adjustment is appropriate only where the government engages in "extraordinary misconduct." Id. at 1270-71.

First, we note that Adgar misstates the law by characterizing an adjustment for the government's sentencing factor manipulation to be a "departure." See Ciszkowski, 492 F.3d at 1270 (noting that "an adjustment for sentencing factor manipulation is not a departure" from a mandatory minimum, because, "[w]hen a court filters the manipulation out of the sentencing calculus before applying a sentencing provision, no mandatory minimum would arise in the first place."). Next, we reject her argument that the district court believed it was not authorized

to adjust her sentence based on a finding of sentencing factor manipulation, because the record shows that the district court's ruling was based on its belief that, under the facts of this case, such a finding would not be consistent with this Circuit's law. Finally, we conclude that the government did not engage in "extraordinary misconduct" when it opted to use fake heroin, rather than fake cocaine, for the second transaction, because Adgar and Patton had agreed to smuggle drugs through the airport and did not limit the kind of drugs.

### III. Reasonable Sentence

Although the Sentencing Guidelines are advisory, "the district court is bound by the statutory mandatory minimums." Ciszkowski, 492 F.3d at 1270. Therefore, we reject Adgar's argument that her sentence, the statutory mandatory minimum, was unreasonable.

Upon review of the record and consideration of the parties' briefs, we affirm Adgar's sentence.

**AFFIRMED.**[1]

---

[1] Adgar's request for oral argument is denied.