[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12456
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 28, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-00123-CR-FTM-99-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY BROOKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 28, 2010)

Before BARKETT, HULL and FAY, Circuit Judges.

PER CURIAM:

Terry Brooks appeals his 120-month sentence for possession with intent to distribute 5 grams or more of crack cocaine. Brooks argues that sentencing him for a powder cocaine offense rather than a crack cocaine offense would have resulted in a fairer sentence, in light of his acceptance of responsibility and "drug dependent status." He also notes that the 10-year statutory minimum set forth in 21 U.S.C. § 841(b)(1)(B)(iii) would not apply if he were sentenced for a powder cocaine offense. For the reasons set forth below, we affirm.

## I.

Brooks pled guilty to possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(B)(iii).

According to the presentence investigation report ("PSI"), on March 8, 2008, Brooks was arrested for non-payment of child support. During a search incident to arrest, officers found on Brooks's person two containers holding a total of 5.3 grams of crack cocaine.

The PSI set Brooks's base offense level at 24, pursuant to U.S.S.G. § 2D1.1(c)(8), because his offense involved at least 5 grams, but less than 20 grams of crack cocaine. Brooks received a two-level reduction under § 3E1.1(a), for acceptance of responsibility, resulting in a total offense level of 22. Brooks's total offense level of 22 combined with criminal history category VI to yield a

guideline imprisonment range of 84-105 months. However, because Brooks was subject to a mandatory term of imprisonment of 10 years, pursuant to 21 U.S.C. §§ 841(b)(1)(B)(iii), his guideline imprisonment range became 120 months (10 years).

The court adopted the factual statements and guideline calculations set forth in the PSI, with the exception of three factual paragraphs not affecting Brooks's guideline calculations. The court sentenced Brooks to 120 months' imprisonment, the mandatory statutory minimum, followed by 8 years of supervised release. The court asked the parties if they had final objections, and neither party objected to the sentence.

## II.

Where a defendant fails to raise a sentencing issue before the district court, we review for plain error. *See United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1315 (11th Cir. 2005). We will correct a plain error only if (1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights. *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003). "If all three conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, but only if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir.

2005).

Section 841 of Title 21 provides that an individual who possesses with intent to distribute 5 grams or more of crack cocaine after having previously been convicted of a felony drug offense "shall be sentenced to a term of imprisonment which may not be less than 10 years." 21 U.S.C. § 841(b)(1)(B)(iii). "It is well-settled that a district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f)." *United States v. Castaing-Sosa*, 530 F.3d 1358, 1360 (11th Cir. 2008). A defendant qualifies for the safety-valve exception of § 3553(f) only if he "does not have more than 1 criminal history point." 18 U.S.C. § 3553(f)(1).

The Supreme Court has held that the Sentencing Guidelines are to be applied in an advisory fashion. *United States v. Booker*, 543 U.S. 220, 258-59, 125 S.Ct. 738, 764, 160 L.Ed.2d 621 (2005). However, *Booker* does not affect the mandatory nature of statutory minimum sentences. *See United States v. Ciszkowski*, 492 F.3d 1264, 1270 (11th Cir. 2007) (finding that, "[e]ven after *Booker*, the district court is bound by the statutory mandatory minimums"). Likewise, in *Kimbrough*, the Supreme Court held that district courts have authority

4

to grant a variance based on the crack-to-powder disparity, but it noted that district courts remain "constrained by the mandatory minimums Congress prescribed in the 1986 Act." *Kimbrough v. United States*, 552 U.S. 85, 108, 128 S.Ct. 558, 574, 169 L.Ed.2d 481 (2007).

### III.

Brooks has failed to establish that the district court committed any error, let alone plain error, in sentencing him to the mandatory minimum sentence. The government did not file a substantial assistance motion under either §3553(e) or § 5K1.1 and Brooks did not qualify for the safety-valve exception, because he had more than one criminal history point. Thus, the district court would have committed reversible error if it had sentenced Brooks to less than 120 months. Furthermore, as noted above, neither *Booker* nor *Kimbrough* permit district courts to sentence defendants below the statutory minimum. *See id*.; *Ciszkowski*, 492 F.3d at 1270. Accordingly, we affirm Brooks's 120-month sentence.

**AFFIRMED**.