[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13123
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00006-DHB-WLB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

MAURICE M. ONEAL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(March 6, 2013)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

The government appeals Maurice M. Oneal's 120-month sentence imposed after Oneal pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e).  On appeal, the government argues that the district court erred by imposing a sentence below the fifteen-year (180-month) statutory mandatory minimum sentence required by 18 U.S.C. § 924(e) given Oneal's status as an armed career criminal.  After review, we vacate and remand for resentencing consistent with this opinion.[1]

Under the Armed Career Criminal Act ("ACCA"), a defendant is subject to a mandatory minimum fifteen-year sentence  if he is convicted of violating 18 U.S.C. § 922(g) and he has three previous convictions for a violent felony or serious drug offense.  18 U.S.C. § 924(e)(1).  A district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government has filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or the defendant qualifies for safety-valve relief pursuant to 18 U.S.C. § 3553(f).  United States v. Castaing-Sosa, 530 F.3d 1358, 1360 (11th Cir. 2008).  Although after United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the district court applies the Sentencing Guidelines in an advisory fashion, the district court remains bound by statutes designating mandatory minimum sentences.  Id. at 1362; see also United States v. Ciszkowski,

_____

[1]We review de novo the district court's authority to impose a sentence below the statutory mandatory minimum.  United States v. Gomes, 621 F.3d 1343, 1345 (11th Cir. 2010).

492 F.3d 1264, 1270 (11th Cir. 2007) ("Even after <u>Booker</u>, the district court is bound by the statutory mandatory minimums.").

Here, the district court found, and the parties do not dispute, that Defendant Oneal's prior two burglary convictions and two aggravated assault convictions qualified as predicate offenses for purposes of the ACCA. Thus, Defendant Oneal was subject to the ACCA's fifteen-year mandatory minimum sentence.

Further, the parties do not dispute that Defendant Oneal was ineligible for safety-valve relief and that the government did not file a substantial assistance motion. In these circumstances and under our precedent, as Defendant Oneal concedes, the district court was not authorized to impose a 120-month sentence, below the ACCA's fifteen-year mandatory minimum. See <u>Castaing-Sosa</u>, 530 F.3d at 1360.

For these reasons and based on our precedent, we must vacate Defendant Oneal's 120-month sentence and remand to the district court with instructions to resentence Defendant Oneal in accordance with the ACCA's mandatory minimum fifteen-year sentence.

**VACATED AND REMANDED.**