[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12360
Non-Argument Calendar

_____

D.C. Docket No. 0:10-cr-60186-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER MAXWELL,
a.k.a. Javier Babb Maxwell,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 4, 2016)

Before TJOFLAT, HULL and JILL PRYOR, Circuit Judges.

PER CURIAM:

Javier Maxwell, a federal prisoner convicted of a cocaine offense, appeals pro se the district court's denial of his second 18 U.S.C. § 3582(c)(2) motion to reduce his 120-month sentence. The district court denied the § 3582(c)(2) motion because Maxwell's sentence had already been reduced to the mandatory statutory minimum and no further reduction was authorized by law. After review, we affirm.[1]

At Maxwell's original 2010 sentencing, the district court calculated an offense level of 32, pursuant to U.S.S.G. § 2D1.1(a)(3), and an advisory guidelines range of 121 to 151 months' imprisonment. The district court imposed a 121-month sentence.

In March 2015, the district court granted Maxwell's first pro se § 3582(c)(2) motion based on Amendment 782, which reduced the base offense level for most drug offenses. See U.S.S.G. app. C, amend. 782. After Amendment 782, Maxwell's new offense level was 30 and his advisory guidelines range was 97 to 121 months. However, because Maxwell was subject to a 120-month statutory mandatory minimum, pursuant to 21 U.S.C. § 960(b)(1)(B), Maxwell's advisory guidelines range became 120 to 121 months, pursuant to U.S.S.G. § 5G1.1(c). Thus, the district court imposed the mandatory minimum 120-month sentence.

---

[1]This Court reviews de novo a district court's conclusion about the scope of its legal authority under 18 U.S.C. § 3582(c)(2).

In May 2015, Maxwell filed pro se this second § 3582(c)(2) motion based on Amendment 782, arguing, inter alia, that in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the district court was not bound by the mandatory minimum sentence.  The district court denied Maxwell's second § 3583(c)(2), explaining that it had already reduced Maxwell's sentence to the statutory minimum and was not authorized to reduce it any further.

The district court correctly concluded that Maxwell was not eligible for a further sentence reduction.  Maxwell's 120-month sentence is at the mandatory minimum required by 21 U.S.C. § 960(b)(1)(B).  After Amendment 782, the 120-month mandatory minimum served as the floor for Maxwell's amended guidelines range, see U.S.S.G. § 5G1.1(c)(2), and the district court did not have authority to sentence him to a term less than that amended guidelines range.  United States v. Williams, 549 F.3d 1337, 1341 (11th Cir. 2008) ("[W]hen the mandatory minimum exceeds some portion of the [guideline] range for the base offense level, the 'applicable guideline range' would be from that minimum to the upper end of the original guideline range."); see also U.S.S.G. § 1B1.10(b)(2)(A), (B) (prohibiting the district court from reducing a defendant's sentence under § 3582(c)(2) below the amended guidelines range).  This is true even after Booker.  See United States Ciszkowski, 492 F.3d 1264, 1270 (11th Cir. 2007) ("Even after Booker, the district court is bound by the statutory mandatory minimums.").

**AFFIRMED.**