[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12682

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HUMBERTO FALCON SAN-MARTIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20335-RKA-1

_____

Before Brasher, Abudu, and Black, Circuit Judges.

PER CURIAM:

Humberto Falcon San-Martin appeals his 87-month sentence for distributing a substance containing methamphetamine and a substance containing cocaine. First, he asserts the district court abused its discretion when it declined his request to reduce his sentence under the doctrine of sentencing factor manipulation based on his assertions that a government informant provided him the methamphetamine involved in his offense and encouraged him to sell it. Second, he contends we should reconsider our rejection of the doctrine of sentence entrapment and asserts that he is entitled to relief under the doctrine. After review,[1] we affirm.

## I. SENTENCING FACTOR MANIPULATION

"[T]his Court has recognized sentencing factor manipulation as a potential means for a sentence reduction." *United States v. Osmakac*, 868 F.3d 937, 959 (11th Cir. 2017). "Sentencing factor manipulation occurs when the government manipulates a sting operation to increase a defendant's potential sentence." *Id.* Sentencing factor manipulation analysis "requires [courts] to consider whether the manipulation inherent in a sting operation, even if insufficiently oppressive to support an entrapment defense, or due process claim,

---

[1] We review a district court's refusal to reduce a sentence due to alleged sentencing factor manipulation for reasonableness under an abuse-of-discretion standard. *See United States v. Haile*, 685 F.3d 1211, 1222-23 (11th Cir. 2012).

must sometimes be filtered out of the sentencing calculus." *United States v. Sanchez*, 138 F.3d 1410, 1414 (11th Cir. 1998) (quotation marks and alterations omitted). "Relief is warranted only when the defendant proves that the government engaged in extraordinary misconduct that was sufficiently reprehensible." *United States v. Gallardo*, 977 F.3d 1126, 1144 (11th Cir. 2020) (quotation marks omitted).

We have noted "[t]he standard for sentencing factor manipulation is high." *United States v. Ciszkowski*, 492 F.3d 1264, 1271 (11th Cir. 2007). For example, in *Ciszkowski*, the defendant, who was the subject of a Drug Enforcement Agency (DEA) sting operation, agreed to carry out a contract killing after being approached by a confidential informant. *Id.* at 1266-67. The informant provided the defendant with a bag containing a gun and a silencer, the defendant took possession of the bag without examining the gun, and the defendant was arrested shortly thereafter. *Id.* The defendant was convicted and received a mandatory minimum sentence of 30 years based on his possession of a silencer. *Id.* at 1267-68. We determined the DEA did not engage in sufficiently reprehensible conduct to constitute sentencing factor manipulation, as reverse-sting operations are a recognized, useful tool for law enforcement. *Id.* at 1271. Further, we determined it was not necessarily misconduct to provide drugs or guns "to a willing and predisposed offender." *Id.* Although we indicated it would have been troubling had the DEA agents provided the defendant with a silencer of which he was unaware solely to inflate his sentence, we noted the

defendant had agreed to commit a murder for hire and accepted a gun to do that job. *Id.*

The district court did not abuse its discretion in denying Falcon San-Martin's request to reduce his sentence due to sentencing factor manipulation. First, as Falcon San-Martin conceded, there was no evidence to support his assertions that a government informant provided him the methamphetamine involved in Count 1 and encouraged him to sell it. On this basis alone, it was not clearly erroneous for the district court to find the government did not engage in egregious conduct or that Falcon San-Martin was a willing participant. *See United States v. Docampo*, 573 F.3d 1091, 1096 (11th Cir. 2009) ("Factual findings that underlie the sentence . . . are reviewed for clear error.").

Second, even accepting Falcon San-Martin's assertions as true, the district court acted within its discretion in determining: (1) the government's conduct was not sufficiently manipulative; and (2) Falcon San-Martin was a willing and predisposed offender. As to the government's conduct, we have recognized the importance of reverse sting operations as a tool of law enforcement. *See Ciszkowski*, 492 F.3d at 1271. This Court has repeatedly declined to apply the doctrine of sentencing factor manipulation, finding government conduct was not sufficiently manipulative, even where the government's choice of a certain quantity or type of drugs in these operations results in an enhanced sentence for the defendant. *See Gallardo*, 977 F.3d at 1143-45 (11th Cir. 2020) (rejecting a sentencing factor manipulation claim based on the

defendant's allegation a government informant had incessantly requested more than one kilogram of cocaine, noting the defendant was a willing participant and we have "consistently rejected claims based on the government's decision to involve a large quantity of drugs in its sting operation"); *United States v. Haile*, 685 F.3d 1211, 1223 (11th Cir. 2012) (finding no sentencing factor manipulation occurred when government agents offered to sell a defendant more drugs than he originally intended to purchase, including offering cocaine in addition to marijuana, and suggested the defendant pay for the drugs with guns); *Sanchez*, 138 F.3d at 1413-14 (noting "[t]he fact that the government's fictitious reverse sting operation involved a large quantity of drugs does not amount to the type of manipulative governmental conduct warranting a downward departure in sentencing"). Additionally, we have determined it is not necessarily misconduct where the government provides drugs to a willing and predisposed offender. *See Ciszkowski*, 492 F.3d at 1271. Accordingly, the government's conduct was not sufficiently reprehensible here such that the district court's failure to apply the doctrine of sentencing manipulation was an abuse of discretion.

Additionally, the district court appropriately considered Falcon San-Martin's willing predisposition to commit the offense when deciding whether to apply the doctrine. *See Gallardo*, 977 F.3d at 1144-45; *Ciszkowski*, 492 F.3d at 1271; *Docampo*, 573 F.3d at 1094, 1098; *Haile*, 685 F.3d at 1223. The court's finding that Falcon San-Martin was a willing participant was not clearly erroneous. *See Docampo*, 573 F.3d at 1096. Unobjected to statements from Falcon San-Martin's presentence investigation report (PSI) stated he was a

regular user of crystal methamphetamine and that he had tools for the distribution of narcotics in his apartment. *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006) (stating the district court may base its findings of fact on undisputed statements in the PSI). Falcon San-Martin also conceded he was able to independently procure methamphetamine within five months of his offense underlying Count 1.

Falcon San-Martin was arguably an even more willing participant than the defendant in *Ciszkowski*, who alleged he was unaware that he was in possession of a sentence-enhancing silencer, because Falcon San-Martin does not dispute he was aware he was selling methamphetamine. *See Ciszkowski*, 492 F.3d at 1271. Nor is this case like the hypothetical scenario discussed in *Ciszkowski*, because the methamphetamine was included to facilitate another drug sale, and thus, not "completely unrelated to the accompanying criminal act." *Id.* Finally, Falcon San-Martin's failure to reject or express any discomfort with the sale is also demonstrative of his willing participation. *See Haile*, 685 F.3d at 1223. Accordingly, we affirm as to this issue.

## II.  SENTENCE ENTRAPMENT

"Sentencing entrapment is the claim that a defendant, although predisposed to commit a minor or lesser offense, is entrapped into committing a greater offense subject to greater punishment." *United States v. Sanchez*, 138 F.3d 1410, 1414 (11th Cir. 1998) (quotation marks omitted).   Claims of sentencing

23-12682               Opinion of the Court                      7

entrapment "fail as a matter of law because this Circuit has rejected sentence entrapment as a viable defense." *Id.*

As we have previously rejected the doctrine of sentence entrapment, it was not error for the district court to decline to apply the doctrine here. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (stating under our prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc*"); *Sanchez*, 138 F.3d at 1414. Accordingly, we affirm.

**AFFIRMED.**