[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11455
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 10, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00030-CR-005-CAR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON WELLS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(December 10, 2009)

Before CARNES, HULL and FAY, Circuit Judges.

PER CURIAM:

Jason Wells, through counsel, appeals from the district court's judgment

denying his successive pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).[1] Wells contends that the district court did not sufficiently explain the basis of its denial.

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion. However, where the issue presented involves a legal interpretation, our review is de novo." United States v. Williams, 549 F.3d 1337, 1338–39 (11th Cir. 2008) (quotation and citations omitted).

The district court's order denying Wells' motion for a sentence reduction stated that the court had considered the pro se motions filed by Wells, the motions filed by Wells' counsel, and the factors set forth in 18 U.S.C. § 3553(a). Wells contends that the district court did not adequately explain its reasoning.

Wells is not eligible for a sentence reduction under § 3582(c)(2) because he was originally sentenced to the statutory minimum of 120 months, even though his guidelines range was 360 months to life. See 21 U.S.C. § 841(b)(1)(A)(viii) (providing for "a term of imprisonment which may not be less than 10 years"). Regardless of whether Amendment 706 reduced Wells' applicable guideline range,

---

[1] Based on our jurisdictional order issued on August 7, 2009, we have jurisdiction to consider only Wells' appeal from the district court's judgment denying his successive § 3582(c)(2) motion. We lack jurisdiction to consider any of his contentions about the district court's denial of his initial § 3582(c)(2) motion.

he could not be sentenced below the statutory minimum.  See United States v. Eggersdorf, 126 F.3d 1318, 1320 (11th Cir. 1997) ("Regardless of the guideline amendment, the language of the statutory minimum is clear and has been unaltered by Congress. The statute controls in the event of a conflict between the guideline and the statute."); see also United States v. Ciszkowski, 492 F.3d 1264, 1270 (11th Cir. 2007) ("Even after Booker, the district court is bound by the statutory mandatory minimums.").  Because the district court was bound by the statutory minimum, even if it did not provide any detail explaining why it denied Wells' § 3582(c)(2) motion, any conceivable error in that regard was utterly harmless.  Cf. United States v. Raad, 406 F.3d 1322, 1323 n.1 (11th Cir. 2005) (holding that because "the district court correctly imposed the statutory mandatory minimum sentence, any error in the guidelines calculations is harmless").

**AFFIRMED.**