[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12401
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 10, 2010
JOHN LEY
CLERK

D. C. Docket No. 01-00581-CR-DLG


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES GODBOLT,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 10, 2010)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.


PER CURIAM:

James Godbolt appeals his 141-month total sentence imposed for bank robbery, 18 U.S.C. § 2113, and carrying a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii).[1] No reversible error has been shown; we affirm.

Godbolt received 57-month concurrent sentences for his two bank robbery convictions and an 84-month consecutive statutory mandatory minimum sentence for his firearm conviction because he "brandished" the firearm. On appeal, Godbolt argues that his sentences violate United States v. Booker, 125 S.Ct. 738 (2005), because (1) he received a higher sentence for his firearm conviction based on facts not admitted by him or submitted to a jury, and (2) the sentences were imposed under a mandatory guidelines regime.[2]

Booker applies to Godbolt's sentence because, even though he was sentenced before Booker, his direct appeal was filed after Booker. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (stating that Booker applies to all cases on direct review, and applying Booker to a pre-Booker

---

[1]Godbolt's counsel originally failed to perfect a direct appeal in this case despite Godbolt's instructions to do so. So, the district court granted Godbolt's 28 U.S.C. § 2255 motion to vacate, vacated his prior judgment, and imposed a sentence identical to the original sentence, in accordance with the procedures set out in United States v. Phillips, 225 F.3d 1198, 1200-01 (11th Cir. 2000), so that Godbolt could file an appeal.

[2]Godbolt abandoned his argument that he did not "brandish" the firearm by failing to elaborate on this claim in his brief. See United States v. Jernigan, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003) (noting that a claim that is not plainly and prominently indicated is abandoned on appeal, even if properly preserved in the district court).

sentence). But because Godbolt did not lodge a constitutional objection to his sentence in the district court, we review his present arguments only for plain error. See id. at 1328 (reviewing Booker issues not raised in the district court for plain error). Under plain-error analysis, Godbolt must show that "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003).

Here, both of Godbolt's Booker arguments fail. About the firearm enhancement, whether a firearm was brandished for purposes of the statutory mandatory minimum in section 924(c)(1)(A)(ii) is a sentencing factor to be determined by the judge and is no element of the offense that must be charged in the indictment, submitted to a jury, and proved beyond a reasonable doubt. Harris v. United States, 122 S.Ct. 2406, 2414 (2002). And nothing in Booker requires a jury to determine factors that trigger a statutory minimum sentence. United States v. Ciszkowski, 492 F.3d 1264, 1268-69 (11th Cir. 2007) (explaining that, even after Booker, a district court is bound by statutory mandatory minimums). Thus, Booker did not apply to the application of this sentencing enhancement; and no error occurred.

About the mandatory sentencing regime, we have concluded that plain error

exists "when the district court misapplies the Guidelines by considering them as binding" instead of advisory, even if the defendant was sentenced under the pre-Booker mandatory sentencing regime. See Shelton, 400 F.3d at 1331. So, because Godbolt was sentenced under mandatory guidelines, the first two parts of plain error are met. But the district court gave no indication at sentencing about whether it would have sentenced Godbolt below the then-mandatory guidelines range. So, Godbolt cannot satisfy his burden under the third part because he cannot establish a reasonable probability that he would have received a different sentence under an advisory scheme. See id. at 1331-32 (explaining that the third prong is "exceedingly difficult for defendants to overcome"); United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir. 2005) ("where the effect of an error on the result in the district court is uncertain or indeterminate," the defendant has not met his burden of demonstrating prejudice for purposes of plain error review).

Godbolt also argues that his sentence is unreasonable because the district court failed to articulate its consideration of the 18 U.S.C. § 3553(a) sentencing factors. Assuming that Godbolt's pre-Booker sentence is subject to reasonableness review under the section 3553(a) factors, we conclude that Godbolt has not shown how his sentence is unreasonable. Because the district court is not required to state explicitly that it considered the section 3553(a) factors and because Godbolt fails

4

to explain how his sentence is unreasonable in the light of those factors, he has failed to meet his burden.   See United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007) (a district court need not "explicitly articulate that it ha[s] considered the [section] 3553(a) factors" and need not discuss each factor); United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) ("the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)").

AFFIRMED.