[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15438
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cr-60174-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 3, 2015)

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Michael Brown appeals his convictions and sentences after pleading guilty to conspiring to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and to using a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). The charges in this case grew out of a government created "reverse sting" operation by which Brown and a codefendant agreed to rob a stash house they thought contained at least fifteen kilograms of cocaine. In fact, the stash house was a fabrication of the government, communicated to Brown by an undercover officer who had been notified by a confidential informant that Brown was interested in committing a "drug rip" for cocaine. During June 2014, Brown and a codefendant met with the undercover officer and discussed details of the home invasion. Then, in July, Brown and the codefendant were arrested at an undercover facility where they had met to prepare for going to the stash house to steal the drugs.

At sentencing, Brown moved for a downward variance to 78 months' imprisonment—reflecting 18 months for the conspiracy offense and a consecutive 60 months for the firearm offense. He argued that the court should account in its sentencing determination for the constitutionally problematic nature of reverse sting operations and the indiscriminate use of that tool by the government in this case. Brown did not move to dismiss the indictment, and he acknowledged, as he

2

does on appeal, that a dismissal of the charges was precluded by this Court's precedent, *see United States v. Sanchez*, 138 F.3d 1410 (11th Cir. 1998).

The district court sentenced Brown to a total term of 90 months' imprisonment—30 months for the conspiracy offense and 60 consecutive months for the firearm offense. The court found that a sentence within the guideline range of 30 to 37 months for the conspiracy offense was appropriate in light of Brown's two prior robbery convictions. Brown now brings this appeal.

Brown's initial brief on appeal largely consists of constitutional and policy arguments against reverse sting operations in general. For example, he argues that reverse sting operations (1) are used solely to obtain convictions, not to prevent crimes; (2) amount to entrapment; (3) discriminatorily target racial minorities and those in poverty; (4) can be used to inflate a defendant's sentencing exposure through manipulation of the drug quantity or other aspects of the fake stash house; and (5) are a waste of law-enforcement resources. He also contends that recognition of the problematic nature of reverse sting operations is growing.

To the extent that Brown challenges the legality of reverse sting operations in general, his argument is foreclosed by prior precedent, as he appears to acknowledge. We have stated that "[g]overnment-created reverse sting operations are recognized and useful methods of law enforcement investigation." *United States v. Ciszkowski*, 492 F.3d 1264, 1271 (11th Cir. 2007). And we have rejected

3

challenges to the reverse sting method of investigation on numerous occasions. *See, e.g.*, *Sanchez*, 138 F.3d at 1413-14 (collecting cases); *United States v. Walther*, 867 F.2d 1334, 1338-39 (11th Cir. 1989); *United States v. Rogers*, 701 F.2d 871, 872 n.1 (11th Cir. 1983). Therefore, even if we agreed with Brown's criticisms of the use of reverse sting operations, we are not at liberty to disregard our prior precedent and create new law. *United States v. Vega-Castillo*, 540 F.3d 1235, 1236-37 (11th Cir. 2008).

To the extent that Brown argues that the government's conduct in this particular case violated due process, we disagree.[1] We have recognized the possibility that the government's investigatory conduct might be so outrageous or reprehensible as to amount to a due-process violation, *Ciszkowski*, 492 F.3d at 1270-71, but we have never applied the defense to reverse a conviction, *see United States v. Jayyousi*, 657 F.3d 1085, 1111 (11th Cir. 2011) (describing prior discussions of the defense as "dicta"). The undercover officer in this case merely provided an opportunity for Brown to commit a crime, after Brown had already expressed an interest in committing a "drug rip" for cocaine to a confidential informant. Brown and his codefendant readily accepted and pursued this

---

[1] The government contends that any challenge Brown makes to his convictions is either waived, due to his unconditional guilty plea, *see United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings."), or subject to plain-error review, because Brown did not move to dismiss the indictment, *see United States v. Madden*, 733 F.3d 1314, 1320-21 (11th Cir. 2013). Because Brown is not entitled to relief under any standard, we need not discuss whether these arguments are waived or subject to plain error.

opportunity, bringing the gun with them on the day of the supposed robbery. Consequently, Brown has not shown that the government's conduct in this case is sufficiently outrageous or reprehensible to amount to a due-process violation. *See Sanchez*, 138 F.3d at 1413-14.

Brown also challenges his sentence on similar grounds. First, he contends that the government engaged in sentencing factoring manipulation by selecting a large quantity of cocaine for the fictitious stash house. Second, he argues that the sentencing court should have downwardly varied from the guideline range of 30 to 37 months for the conspiracy offense to account for the government's allegedly questionable conduct in fabricating a crime.

We review the reasonableness of a sentence under an abuse-of-discretion standard. *United States v. Moran*, 778 F.3d 942, 982 (11th Cir. 2015). The district court is required to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2). The party challenging the sentence has the burden of establishing that the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We will vacate a sentence as substantively unreasonable only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United*

*States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (internal quotation marks omitted).

First, Brown has not shown that the government engaged in sentencing factor manipulation. "[S]entencing factor manipulation occurs when the government's manipulation of a sting operation, even if insufficient to support a due process claim, requires that the manipulation be filtered out of the sentencing calculus." *Ciszkowski*, 492 F.3d at 1270; *see also United States v. Docampo*, 573 F.3d 1091, 1097-98 (11th Cir. 2009); *Sanchez*, 138 F.3d at 1414. Brown contends that the government manipulated his sentence by selecting an excessively large amount of cocaine for the fictitious stash house. But "[t]he fact that the government's fictitious reverse sting operation involved a large quantity of drugs does not amount to the type of manipulative governmental conduct warranting a downward departure in sentencing." *Sanchez*, 138 F.3d at 1414.

More important, though, is the fact that drug quantity simply did not factor into Brown's sentencing calculations. Brown's offense level was increased by one level because the taking of controlled substances was the object of the offense, U.S.S.G. § 2B3.1(6), but his guideline range was not affected in any way by the *amount* of drugs involved. Nor was Brown subject to a statutory minimum sentence based on drug quantity. Also, the district court did not cite drug quantity

6

as a reason for its chosen sentence. As a result, there was no manipulation to "filter[] out of the sentencing calculus." *Ciszkowski*, 492 F.3d at 1270.

Second, Brown has not shown that his 30-month sentence for the conspiracy offense, for a total sentence of 90 months' imprisonment, is substantively unreasonable under the totality of the circumstances and in light of the § 3553(a) factors. The district court found that a guideline-range sentence for the conspiracy offense was appropriate in view of Brown's two prior robbery convictions. Although the stash house was fictional, Brown did not know that, and he demonstrated a willingness and ability to commit a serious and dangerous crime, implicating the need, in imposing a sentence, to reflect the seriousness of the offense, to protect the public from Brown's future conduct, and to deter Brown and others from similar conduct. 18 U.S.C. § 3553(a)(2). Indeed, Brown's involvement in this case began while he was incarcerated, and he planned and committed the instant offenses soon after his release. Also, the sentence was at the bottom of the guideline range, and we expect that a sentence within the guideline range is reasonable. *United States v. Alfaro-Moncada*, 607 F.3d 720, 735 (11th Cir. 2010). In sum, the district court did not abuse its discretion in sentencing Brown.

**AFFIRMED.**[2]

---

[2]   To the extent that Brown moves this panel to submit this appeal for *en banc* consideration, the motion is DENIED.  We express no opinion on the merits of that request, but we note that Brown is free to petition for rehearing *en banc*.  *See* Fed. R. App. P. 35.