[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12988
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20796-DLG-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTON LEMAR DAMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 18, 2014)


Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Anton Lemar Dames appeals his convictions and 120-month sentences for distributing cocaine within 1,000 feet of a public playground and possession with intent to distribute 500 grams or more of cocaine within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a).  Dames asserts several issues on appeal, which we address in turn.  After review, we affirm Dames' convictions and sentences.

## I.  GUILTY PLEA WITHDRAWAL

Dames contends the district court improperly vacated his guilty plea because he attempted to enter an *Alford*[1] plea.  He claims the district court misinterpreted his protest of innocence to be a request to withdraw his guilty plea.  Dames asserts the district court failed to evaluate the totality of the circumstances to determine whether Dames showed a fair and just reason for the withdrawal.  Dames contends nothing in the record demonstrates his withdrawal of the guilty plea was knowing, intelligent, or voluntary.

We have rejected the argument that after a district court accepts a guilty plea, the district court's discretion to set the plea aside is limited.  *United States v. Gomez-Gomez*, 822 F.2d 1008, 1010 (11th Cir. 1987).  To safeguard the rights of a defendant, the district court's discretion to accept a guilty plea is confined by Rule 11, and "[p]roper operation of these safeguards demands that the judge retain broad

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

2

discretion to set a guilty plea aside, at least until he has fully discharged his Rule 11 responsibilities." *Id.* at 1011. "When a defendant attempts to couple a guilty plea with an assertion of facts that would negate his guilt, a judge may properly treat this assertion as a protestation of innocence. Though a judge may enter judgment upon a guilty plea under these circumstances, he is not required to do so." *Id.* (citing *Alford*, 400 U.S. at 38 nn. 10, 11). We have concluded "when a defendant casts doubts upon the validity of his guilty plea by protesting his innocence or by making exculpatory statements, the court may resolve such doubts against the plea." *Id.*

The district court did not abuse its discretion when it set aside Dames' guilty plea. *See id.* at 1010 (reviewing a district court's decision to set aside a guilty plea for an abuse of discretion). At the post-plea sentencing hearing, Dames asserted his innocence and told the district court that he was not guilty of the offense to which he pled guilty. The district court specifically inquired as to whether Dames believed he was guilty, and when Dames asserted that he was innocent, the district court exercised its discretion to set aside the guilty plea and take the matter to trial. Although *Alford* permits a defendant to plead guilty while protesting his innocence, a defendant does not have an absolute right to plead guilty in the first place. *Id.* at 1010-11. Dames' strong protestation of his innocence cast doubt on

3

the validity of his guilty plea, and the district court had the discretion to resolve such doubt against the plea. *See id.* at 1011.

## II.  PRISON CLOTHES

Dames argues his right to a fair trial was violated when he was tried while wearing identifiable prison clothing.  The Government brought the issue to the attention of the district court, which observed the error, but did not engage Dames in a colloquy to determine whether he knew he had a right to wear other clothes.

Even if the district court erred by permitting Dames to be tried while wearing prison garb, Dames invited the error.  *See United States v. Brannan*, 562 F.3d 1300, 1306-07 (11th Cir. 2009) (explaining if a defendant not only fails to object at the district court level, but by his words and conduct actively encouraged the district court's commission of an alleged error, the doctrine of invited error precludes review of the issue entirely).  The Government attorney raised the issue to the district court that Dames was wearing prison clothes before the trial started. The district court asked whether Dames or his counsel had an issue with his clothing, and both responded that they had no problem.  Thus, Dames invited any potential error committed by the district court, and review of the issue by this Court is precluded.  *See id.*

4

### III.  PRIOR CONVICTION

Dames argues that, pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013), his sentences were illegal because they were based on an increased mandatory minimum because of his prior felony drug conviction.  He contends his ten-year mandatory minimum sentences, 21 U.S.C. §§ 841(b)(A) (B)(ii), 851, were unconstitutional because the district court raised the mandatory minimum sentence without submitting the "element" of the prior drug conviction to the jury. Although Dames acknowledges *Alleyne* stated it did not disturb the Supreme Court's previous holding in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he argues the same principles espoused in *Alleyne* must supersede the holding in *Almendarez-Torres* because the prior conviction was a factor that raised the mandatory minimum sentence.

The district court did not commit plain error[2] by enhancing Dames' sentence because of his prior felony drug conviction. The Supreme Court stated in *Alleyne* that its decision did not reach the issue of whether prior convictions must be proved to a jury, and thus, the decision in *Almendarez-Torres* remained undisturbed.  *See Alleyne*, 133 S. Ct. at 2160 n.1.  The Supreme Court held in *Almendarez-Torres* that a prior conviction is not considered an element of a crime,

---

[2]  Dames did not object to his sentence on this basis in the district court, and we review sentencing objections based on *Alleyne* that were not preserved before the district court for plain error.  *United States v. McKinley*, 732 F.3d 1291, 1295-96 (11th Cir. 2013).

and it does not have to be proven to a jury beyond a reasonable doubt. 523 U.S. at 247. As *Almendarez-Torres* has not been overruled, the district court did not commit plain error by applying the § 851 enhancement based on Dames' prior conviction, resulting in his total sentence of 120 months' imprisonment.

## IV.  SENTENCE MANIPULATION

Dames contends the district court abused its discretion by not reducing his sentence because the Government engaged in sentencing factor manipulation. He asserts that by continuing to send the confidential source to purchase greater quantities of cocaine after he had committed the principal crime, the Government engaged in sentencing manipulation. Had the Government arrested him on September 22, 2012 instead of November 2, 2012, he would have faced a different mandatory minimum based on drug quantity.

"[S]entencing factor manipulation occurs when the government's manipulation of a sting operation, even if insufficient to support a due process claim, requires that the manipulation be filtered out of the sentencing calculus." *United States v. Ciszkowski*, 492 F.3d 1264, 1270 (11th Cir. 2007). "[T]he government must engage in extraordinary misconduct" for a sting operation to constitute sentencing factor manipulation. *Id.* at 1271. The party raising the defense of sentence factor manipulation bears the "burden of establishing that the

6

government's conduct is sufficiently reprehensible to constitute sentencing factor manipulation." *Id.*

Dawes did not meet his burden of showing the Government committed sentencing factor manipulation.[3] The Government engaged in a sting operation to explore the extent of Dames' criminal activity and drug trafficking network by increasing the amount of drugs requested, which is not "extraordinary misconduct." *See id.* at 1271. We have held that neither the use of a large drug quantity of drugs in a reverse sting operation nor the use of one type of drug over another drug, which caused a difference in sentence, constituted sentencing factor manipulation. *See United States v. Williams*, 456 F.3d 1353, 1370-71 (11th Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007) (holding the use of a drug that carries a higher sentence rather than another drug does not amount to sentencing factor manipulation); *United States v. Sanchez*, 138 F.3d 1410, 1414 (11th Cir. 1998) (holding, in a case of a reverse sting operation, the use of a large amount of drugs did not amount to sentencing factor manipulation).

**AFFIRMED.**

---

[3] Dames' arguments regarding sentencing entrapment and partial entrapment fail as a matter of law because this Court does not recognize either defense. *See Ciszkowski*, 492 F.3d at 1270.

7