[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14012
Non-Argument Calendar

_____

D.C. Docket No. 0:13-cv-60865-RNS

ANTON DAMES,

Plaintiff-Appellant,

versus

CITY OF HOLLYWOOD, FLORIDA,
SERGIO LOPEZ,
#2649,
CITY OF PLANTATION, FLORIDA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 2, 2015)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Anton Dames, a federal prisoner, appeals the district court's sua sponte dismissal without prejudice of his pro se civil rights complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  After a thorough review, we affirm.

**I.**

In his underlying criminal case, a jury convicted Dames of three counts of distributing cocaine within 1,000 feet of a public playground in September 2011 and one count of possessing cocaine with the intent to distribute within 1,000 feet of a public playground in November 2011, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a).  The first three counts represented separate drug transactions involving Dames and a confidential informant in September 2011 at his residence near a park in Opa-Locka, Florida.  The fourth count represented the drugs found in Dames's residence in November 2011, when he was arrested just before a planned fourth drug transaction.  Although the jury convicted Dames on all four counts, it found in favor of Dames as to a fifth forfeiture count involving his residence.  Dames was later sentenced to a mandatory-minimum ten years' imprisonment.  This Court affirmed Dames's convictions and sentences on direct appeal.  See United States v. Dames, 556 F. App'x 793 (11th Cir.), cert. denied, Dames v. United States, 135 S. Ct. 198 (2014).

In April 2013, Dames filed the instant pro se[1] civil rights complaint pursuant to 42 U.S.C. § 1983,[2] naming three defendants: (1) Sergio Lopez, a police detective in Hollywood, Florida; (2) the City of Hollywood, Florida; and (3) the City of Plantation, Florida.[3]  In his complaint, Dames raised claims related to his underlying criminal case, including allegations about falsified court documents, false statements, auto theft, false imprisonment, and a "possible hate crime." Dames alleged that he had mailed packages to the "judge[s] and involved people in case" that showed "all burden of proof."  As relief, Dames requested that his criminal convictions be overturned, that criminal charges be brought against the individuals involved in his entrapment and car theft, monetary damages, and any other appropriate mandamus relief.

Without requiring a response from the defendants, the magistrate judge issued a report and recommendation ("R&R"), recommending that Dames's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The R&R determined that Dames had stated his claims "in a

---

[1]Although Dames proceeded pro se in the district court, this Court appointed Dames counsel for his appeal.

[2]Although Dames's form complaint cited Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971), the district court correctly concluded that Dames's action against state actors was properly brought pursuant to 42 U.S.C. § 1983.

[3]The magistrate judge also identified Matthew Rasnake, an employee of the "Forfeiture and Seized Property Unit," as a defendant, but Dames's complaint merely listed Rasnake as a defendant in a previous lawsuit, not as a defendant in the instant action.

completely conclusory fashion" and appeared to be attacking his federal criminal convictions "in which it appears his car was forfeited."  Accordingly, the R&R recommended the complaint be dismissed because Dames failed to state a claim and because his claims were barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), and were more appropriately raised in a 28 U.S.C. § 2255 motion to vacate.  The R&R noted that any "[c]laims related to the alleged unlawful forfeiture of his car or any other property must be raised in a forfeiture action."

Overruling Dames's objections, the district court adopted the R&R and dismissed his complaint without prejudice on August 22, 2013.  On September 3, 2013, Dames's notice of appeal was filed in the district court.

Six days after Dames filed his notice of appeal, he filed a post-judgment pleading in the district court titled "Motion to be Loaned or Furnished the Record on Appeal."[4]  Filed with this motion was, among other things, a copy of a second civil rights complaint dated August 31, 2013, in which Dames named the same three above defendants plus a fourth, new defendant, Detective Tom Bradford.  In the portion of the form complaint asking about previous lawsuits, Dames listed the instant action, Civil Action No. 0:13-cv-60865, which he said involved the same facts.  With respect to the disposition of the instant action, Dames stated that the

_____

[4] On August 30, 2013, Dames signed the certificate of service attached to the notice of appeal, that was filed on September 3, 2013.  On August 31, 2013, Dames signed the certificate of service attached to the motion for the record.

case was "closed and pending appeal." In his motion for a copy of the record, Dames did not mention, nor ask for relief as to, this second complaint filed with the motion.

The district court granted Dames's motion for a copy of the record on appeal, and did not mention Dames's second complaint filed with that motion. The district court also granted Dames leave to proceed on appeal in forma pauperis, determining that his appeal was not frivolous. The instant appeal followed.

## II.

### A.    Original Complaint

We review de novo a district court's sua sponte dismissal for failure to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

In this case, we find no merit to Dames's argument that Heck does not apply to his claims attacking his federal criminal convictions and seeking his release from federal prison. In Heck, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

5

512 U.S. at 486-87, 114 S. Ct. at 2372. If such a § 1983 action is brought before the challenged conviction or sentence is invalidated, it must be dismissed. Id. at 487, 114 S. Ct. at 2372. Thus, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.

Here, Dames's claims in his original complaint—which essentially allege that the defendants falsified documents and evidence in his prosecution— necessarily implicate the validity of his underlying federal convictions for distributing cocaine. Absent the invalidation of his convictions, which had not occurred, Dames's claims were barred. See id. Moreover, we agree with the district court that the allegations in Dames's original complaint were completely conclusory. Accordingly, we affirm the district court's dismissal of Dames's original complaint for failure to state a claim on which relief can be granted.

## B.    Second Complaint Filed Post-Judgement

In his appellate brief, Dames for the first time on appeal essentially asks this Court to treat the second complaint, filed post-judgment, as an amended complaint in the instant action. Dames refers to his "amended allegations" and argues that

"his original complaint must be read in conjunction with, what is the functional equivalent of, his amended complaint."

In this second complaint, Dames alleged that: (1) in September 2011 Detectives Lopez and Bradford conducted a search and seizure at his home without a warrant "to create a crime" to arrest him; (2) Lopez and Bradford physically beat a confidential informant over a period of days in order to coerce the informant to entrap Dames into selling drugs; (3) law enforcement officials provided false information about the "VIN #" of Dames's car to the state court; (4) state officials used a "false court motion to claim [his] Mercedes Benz from [the] FBI after [his] arrest on November 2, 2011 after trial in 2012"; and (5) the "special verdict jury instructed that all [Dames's] property be returned and Sergio Lopez  #2649 refuse[d] to do so as the Federal Jury requested."  As relief, Dames sought compensation for the loss of "property, time, and employment and back pay owed on mortgage," and his "[r]elease [from] false imprisonment."

In this case, the district court never addressed Dames's "amended" complaint, which Dames filed after he filed his notice of appeal.  Generally, the filing of a notice of appeal divests the district court of jurisdiction "over the aspects of the case involved in the appeal."  United States v. Diveroli, 729 F.3d 1339, 1341 (11th Cir. 2013) (quotation marks omitted).  Thus, to the extent Dames intended for his motion for a copy of the record on appeal, with which he filed the second

complaint, to amend his original complaint, the district court had no jurisdiction to consider those amended allegations. And, because Dames's claims in the "amended" complaint were not before the district court, we ordinarily would not review those claims on the merits. See Access Now, Inc. v. SW. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (explaining that this Court will not consider issues on appeal that were not fairly presented below).

Nonetheless, we do recognize that Dames now has counsel on appeal and that Dames's brief on appeal argues, for the first time, that his claims in the second complaint concerning the illegal seizure of his car under the Fourth Amendment are not Heck-barred because his car was not forfeited as part of his federal criminal case, but as part of a state forfeiture case. See Hughes, 350 F.3d at 1160-61 (discussing whether certain claims are Heck-barred). Contrary to Dames's assertions, the claims in the second complaint essentially complain about falsified documents, evidence, or acts in the federal prosecution against him and are Heck-barred. As to his claims about his car, Dames's federal indictment and the jury's "Special Verdict Form" show that the federal government sought to forfeit Dames's residence and the jury returned a special verdict as to the residence located at 17910 NW 31st Avenue, Opa Locka, Florida.[5] His car, however, was not part of that forfeiture or the federal jury's verdict in his favor. In any event,

---

[5]Dames himself filed both the indictment and his Special Verdict Form.

8

Dames's second complaint is too conclusory to state a cognizable cause of action with respect to any forfeiture outside his federal criminal case.  Moreover, his second complaint makes no allegations at all against the new defendant, Detective Bradford, or the two defendant municipalities.  And, his allegations about Detective Lopez are conclusory and no better than his original complaint.

**AFFIRMED.**